UNITED STATES of America,
Plaintiff—Appellee,

v.

Daniel L. MILLER, Defendant—
Appellant.

No. 02–10012.

D.C. No. CR–00–00393–HG.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and
GRABER, Circuit Judges.

## MEMORANDUM **

Daniel L. Miller pleaded guilty to con-
spiracy and attempt to possess cocaine
with intent to distribute in violation of 21
U.S.C. §§ 841(a)(1), 841(b)(1), and 846.
He appeals the district court's imposition
of a two-level upward adjustment to his
base offense level for his role in the of-
fense pursuant to U.S.S.G. 3B1.1(c) (aggra-
vating role). We have jurisdiction pursu-
ant to 28 U.S.C. § 1291. We review the
district court's factual findings at sentenc-
ing for clear error and may reverse only if
we have a definite and firm conviction that

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable
for decision without oral argument and de-
nies Davis' request for oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

a mistake has been made. *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir.2000) (citations omitted). We affirm.

We are unpersuaded by Miller's contention that the district court erred by imposing the upward adjustment because he only supplied money for the cocaine sale and was not an organizer, leader, manager or supervisor in the offense. Miller admitted to obtaining money from a friend to assist him in purchasing the cocaine at the negotiated price, and giving the money to co-defendant Ka'ilimai to obtain the drugs. In addition, co-defendant Lani plead guilty to his involvement in the conspiracy and told investigators that Miller offered him $300 to oversee the actual sale. "A single incident of persons acting under a defendant's direction is sufficient evidence to support a two-level role enhancement." *Id.* Moreover, Miller's participation in the deal was critical as he supplied the money and was the primary participant who stood to profit from the offense. *See* U.S.S.G. 3B1.1 Application Note 4 (stating factors court should consider include "exercise of decision making authority," "recruitment of accomplices," and "claimed right to a larger share of the fruits of the crime").

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.